IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ROBERT STEVENS YOUNG**                                      **PLAINTIFF**

**V.**                **NO. 2:22-CV-00163-JTK**

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                            **DEFENDANT**

**ORDER**

**I. Introduction:**

Plaintiff, Robert Stevens Young ("Young"), applied for Title II Disability Insurance Benefits on August 1, 2019, alleging a disability onset date of March 17, 2018. (Tr. at 16). After conducting a hearing, an Administrative Law Judge ("ALJ") denied Young's application on July 29, 2021. (Tr. at 16-29). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Young has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II.  The Commissioner's Decision:

Young is a 64-year-old man with limited education and past relevant work as a logger, dump truck driver, and construction worker. (Tr. at 27). He met the insured status requirements of the Social Security Act through June 30, 2024. (T. at 18). The ALJ found that Young had not engaged in substantial gainful activity since the alleged onset date of March 17, 2018.[2] (Tr. at 19-22). The ALJ found, at Step Two, that Young had the following severe impairments: diabetes mellitus, alcoholic liver disease, degenerative joint disease of the knee, and hypertension. *Id*.

After finding that Young's impairments did not meet or equal a listed impairment, the ALJ determined that Young had the residual functional capacity ("RFC") to perform work at the medium exertional level, with an additional limitation: he can no more than occasionally climb ladders, ramps, and stairs. *Id*.

At Step Four, the ALJ determined that Young is unable to perform any of his past relevant work. (Tr. at 26-29). Relying upon testimony from a Vocational Expert ("VE"), the ALJ found, based on Young's age, education, work experience

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

Young worked during the relevant time-period, and also continued to look for work, which contradicts his claim that he is totally disabled. (Tr. at 19).

and RFC, that he could perform work in the national economy. *Id*. Therefore, the ALJ concluded that Young was not disabled. *Id*.

## III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison*

*Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Young's Arguments on Appeal

Young contends that the evidence supporting the ALJ's decision is less than substantial. He argues that: (1) the ALJ improperly discounted the opinion of Young's treating physician; and (2) the ALJ erred when he found that Young's mental impairments were non-severe.

The thin medical record showed that Young had some pain in his left knee, abnormal liver function due to alcohol abuse, hypertension, and diabetic foot problems. He also alleged that he was disabled due to anxiety and depression. These claims fail to convince the Court that the ALJ erred in finding Young was not disabled, for the following reasons: (1) musculoskeletal examinations were grossly normal (Tr. at 24-25, 853-866, 874-883);[3] (2) Young worked during the relevant time-period (Tr. at 19);[4] (3) treatment was conservative; (4) Young's doctors recommended that he quit drinking (Tr. at 24); (5) Young could perform

---

[3] Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

[4] Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling conditions. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994).

some limited daily activities (such as hunting and fishing with a friend, going out to eat, and mowing his lawn) (Tr. at 20, 45-46, 217-219);[5] and (6) Young often presented with minimal symptoms of anxiety and depression, as well as normal thought processes and pleasant and cooperative demeanor (Tr. at 460-472, 616-618, 715, 732).

Young asserts that the ALJ improperly discounted a medical source opinion from Prasad Athota, N.D., who only treated Young for a short time. The April 2021 functional capacity opinion suggested that Young could not even perform sedentary exertional work. (Tr. at 682-685). Dr. Athota wrote that Young would be absent more than four days per month due to his conditions. *Id.* This opinion was on a checkbox form with little elaboration.[6]

The ALJ considered this opinion and found it to be unpersuasive.[7] (Tr. at

---

[5] Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[6] A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

[7] On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 U.S. Dist. LEXIS 110370 at *4 (E.D. Ark. June 24, 2020). An

25). The ALJ stated that the opinion was unsupported by Dr. Athota's own treatment examinations, which documented grossly normal musculoskeletal findings. (Tr. at 24-25, 853-883). The ALJ then concluded that the opinion was inconsistent with the normal findings of another treating provider in Dr. Athota's own clinic. (Tr. at 25, 629). Throughout the remainder of the opinion, the ALJ discussed other reasons that supported his finding about Dr. Athota's statement. (Tr. at 20-29). The ALJ also discussed the Administration's medical expert opinions, which suggested that Yong could perform medium exertional work. (Tr. at 25, 65, 79). The ALJ properly evaluated the medical opinions.[8]

Young also contends that the ALJ should have found that anxiety and depression were severe impairments at Step Two.[9] The record supports the ALJ's finding at Step Two: (1) Young's cognitive function was within normal limits (Tr.

---

ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

[8] *See Grindley v.Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (substantial evidence supported ALJ's consideration of medical opinions).

Young also claims that the ALJ mischaracterized a consultative examiner's opinion that Young's "physical ability limited mod-severe (sic)" (Tr. at 669-673). That statement was vague and in conflict with the balance of the medical record, and the examiner did not offer any explanation for how Young's abilities were limited functionally. *See* Doc. No. 18 at 7.

[9] Step Two involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id*. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). The claimant has the burden of proving that an impairment is severe. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

at 618-619); (2) he was able to do things like count change, handle a savings account, and use a checkbook (Tr. at 20, 216); and (3) the psychological consultative examiner found that Young had no adaptive functioning limitations (Tr. at 19, 618-619). Moreover, Young was employed during most of his adult life and he was working during the relevant time-period. (Tr. at 19, 279, 616). His treatment for anxiety and depression was limited. The ALJ did not err at Step Two.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the medical opinions and he did not err at Step Two. The finding that Young was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 25th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE